# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

Trustees of the NEW MEXICO PIPE TRADES HEALTH
& WELFARE TRUST FUND; Trustees of the NEW MEXICO
PIPE TRADES JOINT APPRENTICESHIP TRUST
FUND; Trustees of the NEW MEXICO PIPE TRADES PENSION
PLAN B TRUST FUND, Trustees of the PLUMBERS &
PIPEFITTERS NATIONAL PENSION PLAN;
Trustees of the INTERNATIONAL TRAINING TRUST FUND,
and BUILD NEW MEXICO,

        Plaintiffs,

      v.                                       No. 1:11-cv-01065 WJ/ RHS

MARES PLUMBING & MECHANICAL, INC.,
a New Mexico Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Plaintiffs' Amended Motion for Summary

Judgment, filed October 17, 2012 (**Doc. 64**).[1]   Having reviewed the parties' briefs and

applicable law, I find that Plaintiffs' motion is well-taken and shall be granted.

## BACKGROUND

This is a collection action brought under §§ 502 and 515 of the Employee Retirement

Income Security act of 1974, as amended, 29 U.S.C. §§ 1132 and 1145 ("ERISA").  Plaintiffs

seek payment of delinquent fringe benefit contributions owed by Defendant to Plaintiffs.

Plaintiffs are the Trustees of five multi-employer, jointly-trusteed welfare benefit and pension

trust funds within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1) and §3(2) of ERISA, 29

---

[1]   The Court assumes that this "amended" summary judgment motion, Doc. 33, supersedes Plaintiffs' previous
summary judgment motion, Doc. 32.

U.S.C. §1002(2) (hereinafter, "Plaintiffs" or "Plaintiff Trust Funds").  Defendant Mares

Plumbing and Mechanical, Inc. ("Mares Plumbing" or "Defendant") is a New Mexico

corporation and an employer within the meaning of §§3(5) and 515 of ERISA, 29 U.S.C.

§§1002(5) and 1145, and is engaged in an industry affecting commerce.

Under ERISA, the Trustees have a fiduciary duty to "act to ensure that [the] plan receives

all funds to which it is entitled, so that those funds can be used on behalf of participants and

beneficiaries."  *Central States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc*., 472 U.S.

559, 571 (1985); *Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009).  Accordingly, the

Trustees filed an action in this Court to collect the delinquent contributions owed by Mares

Plumbing.  The Amended Complaint states that Mares Plumbing signed a collective bargaining

agreement ("CBA" or "Agreement") with Local 412 in 2006.  Pursuant to the CBA, Mares

Plumbing was obligated to file timely payroll reports on the fourteenth day of each month, make

monthly fringe benefit contributions on all employees to the Trust Funds, and comply with the

terms of the Agreements and Declarations of Trust of the Trust Funds.  The CBA was effective

from April 1, 2006 through March 31, 2010.

In the Amended Complaint, Plaintiffs allege that Mares Plumbing failed to make fringe

benefits payments to the Trust Funds from March through September 2011.  In Count I of the

Amended Complaint (Doc. 7), Plaintiff seeks delinquent contributions, including liquidated

damages and interest.  Under the terms of the CBA,   Defendant owes liquidated damages at the

rate of eighteen percent (18%) per annum on all of the unpaid fringe benefit contributions over

60 days past due; and interest at the rate of twelve percent (12%) per annum on all of the unpaid

fringe benefit contributions for that period.   In addition, Plaintiff requests amounts owing on

interest and liquidated damages on unpaid fringe benefits and contributions.  *See* Am. Compl., at

10-12.   In Count II, Plaintiffs seek a preliminary and permanent injunction compelling

Defendant to pay past and present fringe benefit contributions and that all checks for payment be

made joint checks with the Plaintiff Trust Funds as co-payee, and be deposited in a trust fund

account.   Plaintiffs also seek an injunction requiring Defendant to turn over any non-joint checks

received by Defendant for any work done in the past, present, or future to Plaintiff Trust Fund to

process for the payment of fringe benefit contributions; and requiring Defendant to promptly file

its employer payroll reports and produce all books and records as needed by Plaintiffs' auditor

for evaluation.

## DISCUSSION

Plaintiffs seek summary judgment against Defendant on all their claims, namely, liability

for the delinquency of Defendants' contributions in to the fringe benefit trust funds, and the

amounts of contribution owed.

## I.      Legal Standard

Summary judgment is appropriate where no genuine issues of material fact exist and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).   "'[W]here the

nonmoving party will bear the burden of proof at trial on a dispositive issue' that party must 'go

beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to

establish the existence of an element essential to that party's case' in order to survive summary

judgment." *McKnight v. Kimberly Clark Corp*., 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)) (citing. *Ford v. West*, 222 F.3d 767, 774

(10th Cir. 2000).

Defendant has not filed a response.   By failing to file a response to a Rule 56 motion, a

nonmoving party waives the right to file a response and confesses all facts asserted and properly

supported in the motion.  *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002).

In ruling on this motion, then, the Court should assess the facts set forth by Plaintiffs to

determine if those facts entitle them to summary judgment as a matter of law.  *Reed v. Bennett,*

312 F.3d 1190, 1195-95 (10th Cir. 2002).

## II.      Past Rulings

Before this case was reassigned to the undersigned as presiding district court judge,

United States District Court Judge Bruce D. Black made certain rulings on Plaintiffs' motion to

dismiss.  Judge Black dismissed Defendants' affirmative defenses and counterclaims as barred

by preemption under ERISA and struck Defendant's jury demand.  Doc. 29.[2]   The instant

motion addresses the remaining issues of liability and the amounts of contributions owed by

Defendants.

## III.     Plaintiffs' Undisputed Facts and Analysis

Plaintiffs have set forth detailed facts for their contentions that Defendant is liable to

them for the delinquent contributions, interest, liquidated damages, attorneys' fees, auditor's fees

and costs; and details regarding the amounts of the various categories of damages.   Plaintiffs

have offered exhibits (Docs. 64-1 to 64-6) supporting these facts.  Rather than engage in a

pointless reiteration of these details, the Court focuses on the salient facts which have relevance

to the Court's ruling in favor of Plaintiffs.[3]

Under the CBA executed between Plaintiffs and Mares Plumbing, Mares was obligated to

pay all wages and fringe benefits up through the date of termination of the Agreement. The

---

[2]     United States District Court Judge Judith C. Herrera presided over a similar case in which plaintiffs were
health and pension plans for sheet metal workers' unions.  Defendant Mares Plumbing was the defendant in that case
as well.  *See Trusteees of Sheet Metal Workers Local Union 49 Family Health Plan et al. v. Mares Plumbing &
Mechnical, Inc.,* No. 11-CV-898 JCH/CG.   In that case, defendants concede liability on plaintiffs' claims.  Judge
Herrera found that defendants' state law counterclaims were preempted by ERISA; dismissed their counterclaims by
waiver; and struck defendants' jury demand.  *See* Docs. 44, 55 & 126.

[3]   Supporting documentation  is referenced in Defendants' recitation of undisputed facts, Doc. 64 at 2-9.

4

Labor Agreement in effect from April 1, 2010 through March 31, 2013 was the April 1, 2010 –

March 31, 2015 Centennial Labor Agreement ("Centennial Labor Agreement").  It is undisputed

that Mares is an employer within the meaning of §§3(5) and 515 of ERISAS, and that he was

obligated to make payments into the Trust Funds for each hour worked by the union members at

a certain point during each calendar month.   Plaintiffs, by their Trust Agreements, or adopted

Collection Procedures are entitled to collect unpaid fringe benefit contributions plus interest,

liquidated damages, audit fees, costs and attorneys' fees from Defendant.  The procedures for

collecting liquidated damages for delinquent payments to the National Pension Fund and local

Trust Funds are also outlined in those documents.  The hourly fringe benefit contribution rates

set forth in the CBA's are indicated in Fact No. 5.

        Mares became delinquent in its payment of fringe benefit contributions to Plaintiffs.

Pursuant to the CBA, the Trust Agreements and ERISA, Plaintiffs engaged the services of an

accounting firm ("Robert Baldwin, CPA") to conduct a targeted audit of Defendant's books and

records.   Plaintiffs sent demand letters to Mares, and pursuant to the Miller Act, 40 U.S.C. §

3131 et seq., and the Little Miller Act, NMSA 1978 § 13-4-10 et seq.,  Plaintiff sent a Notice of

Miller Act and Little Miller Act Claim to each of the general contractors for whom Mares was

performing or had performed work on pursuant to the auditors' report.

        By letter dated January 25, 2013, Local Union 412 has now terminated its CBA with

Defendant effective March 31, 2013.

        As of the date of Plaintiffs' summary judgment motion, payments totaling $12,401.73

(representing recovery of delinquent fringe benefit contributions, interest and liquidated

damages) have been recovered from three of the general contractors through negotiation or

lawsuits pursuant to the Miller Act or Little Miller Act, or lawsuits filed against the general

contractors.  Mr. Baldwin conducted a supplemental payroll audit as a result of additional payroll reports revealing additional hours for work performed by Mares Plumbing during the second half of March, 2013.   As a result of the April 15, 2013 supplemental payroll audit, Mares owes $25,193.94 in fringe benefit contributions through March 31, 2013, $4,500.00 in late filing fees, $3,590.20 in interest and $2,946.41 in liquidated damages calculated through April 15, 2013. The amounts total $36,230.55.   The amounts are broken down in Fact No. 13 according to the following funds:

|  | Unpaid Fringe Contributions | Interest | Liquidated Damages |
|---|---|---|---|
| NM Pipe Trades Health & Welfare Trust Fund | $14,744.80 | $2,222.80 @ 18% per annum | $1,800.60 @ 18% per annum |
| NM Pipe Trades Joint Apprenticeship Trust Fund | $1,892.65 | $270.84 @ 18% per annum | $216.74 @ 18% per annum |
| NM Pipe Trades Pension Plan B Trust Fund | $1,974.75 | $297.68 @ 18% per annum | $241.15 @ 18% per annum |
| National Pension Plan | $6,174.70 | $743.66 @ 12% per annum | $617.47 @ 10% per annum |
| International Training Fund | $352.26 | $55.22 @ 12% per annum | $70.45 @ 20% per annum |
| Build New Mexico | $54.78 | ------ | -------- |

Defendant has also incurred $4,500.00 in late filing fees.  Plaintiffs describe, and provide supporting documentation for additional expenses incurred:

- Total amount claimed for Attorneys' fees through March 31, 2013 is $102,150.86, broken down as follows:

    - 230.35 hours at $300.00 per hour;

    - 153.20 hours of legal assistant time at $100.00 per hour;

    - Total of attorneys' fees incurred: $69,105.00 and

    - Total of legal assistant fees incurred is $15,320.00.

    - Audit fees through April 15, 2013 in the amount of $10,666.18;

o   Total of the costs of litigation to date is $1,149.93, including $547.95 in filing and

service fees on Mares and $601.98 in Miller Act service and notice fees; and

o   gross receipts taxes of $5,909.75.

Collection of attorneys' fees, audit fees, and costs of collection are recoverable from

Defendants both pursuant to ERISA §502(g)(2), 29 U.S.C. §1132 and the Trust Agreements and

Collection Procedures of the Plaintiffs.  Section 502(g)(2)(E) also provides for "such other legal

or equitable relief as the court deems appropriate."  In Count II of the Amended Complaint,

Plaintiffs seek injunctive relief requiring Defendant to turn over to Plaintiff Trust Funds all

checks, including any non-joint checks received by Defendant for any work done in the past,

present, or future, so that Plaintiff Trust Fund may process the checks for the payment of fringe

benefit contributions.   Plaintiffs also seek to require Defendant to promptly file its employer

payroll reports and produce all books and records as needed by Plaintiffs' auditor for evaluation.

Based on Plaintiffs' undisputed facts and supporting documentation, and as authorized under the

ERISA statute, Plaintiffs are entitled to the requested injunctive relief.

## CONCLUSION

In sum, I find and conclude that there are no disputed material facts either as to

Defendant's liability, or amounts owed by Defendant to Plaintiffs.  Plaintiffs have shown that

Defendant did not make its monthly fringe benefit contribution obligations to Plaintiff with

supporting documentation consisting of numerous affidavits, declarations and auditing and

accounting reports.   Based on this evidence, as well as the relevant law under the ERISA

statutes, I find that Plaintiffs are entitled the damages sought, including attorneys' fees and costs.

Also, the Court finds Plaintiffs' request for attorney fees reasonable under *Hensley v. Eckerhart*, 461 U. S. 424, 433-34 (1983).  Plaintiffs have provided the necessary time sheets and affidavits to support their request.  *See* Doc. 64-6.

The Court finds only one discrepancy.  On page 7 of the motion, Plaintiffs state:

> As a result of the April 15, 2013 supplemental payroll audit, Mares owes $25,193.94 in fringe benefit contributions through March 31, 2013, $4,500 in late filing fees, $3,590.20 in interest and $2,946.41 in liquidated damages calculated through April 15, 2013.  The amounts total **$36,230.55** . . .

Fact No. 13 (emphasis added).  However, when the amounts owed to the separate funds are added together (see chart above), the total is only $31,730.55.  Adding in the late filing fees of $4,500.00 brings the amount to the stated total of $36,230.55.   It is not clear how the amounts of $3,590.20 in interest and $2,946.41 in liquidated damages figure into the calculations, since the various trust fund categories (indicated by the chart) already seem to take into account interest and liquidated damages.    Therefore, the Court will consider $36,230.55 to be the total amount sought representing fringe benefit contributions, all interest and liquidated damages,[4] and late filing fees.   The Court thus finds Plaintiffs entitled to the following amounts:

Damages for fringe benefit contributions,
interest, liquidated damages and late filing fees:    **$36,230.55**

Attorneys' fees and costs:    **$102,150.86**
                        _____

**TOTAL**    **$138,381.41**

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Amended Motion for Summary Judgment (**Doc. 33**) is hereby GRANTED in that Plaintiffs are entitled to the amount of **$138,381.41** from Defendant

---

[4]  Also, all amounts calculated appear to be current through March 31, 2013 except for liquidated damages which appear calculated through April 15, 2013.   Fact No. 13.

Mares Plumbing, which includes damages resulting and flowing from delinquent contribution to Plaintiffs' pension funds, and for attorneys' fees;

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to the requested injunctive relief, namely:

- Defendant is ordered to pay the above amounts representing past and present fringe benefit contributions, and attorneys' fees and costs;

- All checks for payment shall be made joint checks with the Plaintiff Trust Funds as co-payee, and be deposited in a trust fund account;

- Defendant shall turn over any non-joint checks received by Defendant for any work done in the past, present, or future to Plaintiff Trust Fund to process for the payment of fringe benefit contributions;

- Defendant shall promptly file its employer payroll reports and produce all books and records as needed by Plaintiffs' auditor for evaluation.

  A Judgment will be entered separately.

_____

UNITED STATES DISTRICT JUDGE